41   439
16ap 13

---

THE PEOPLE OF THE STATE OF NEW YORK EX REL. ANTHONIUS C. SLUITER, APPELLANT, *v.* HOLSTEIN–FRIESIAN ASSOCIATION OF AMERICA, RESPONDENT.

THE PEOPLE OF THE STATE OF NEW YORK EX REL. ANTHONIUS C. SLUITER AND NICOLAAS F. SLUITER, APPELLANT, *v.* SAME, RESPONDENT.

*Right to become a member of a private corporation — the right so to do may be left to the incorporation to decide — 1885, chap. 333.*

Chapter 333 of 1885 incorporated certain persons therein named, "and all other persons at any time hereafter duly associated, as provided by the by-laws, with or succeeding them, for the purpose of improving the breed of Holstein-Friesian cattle, ascertaining, preserving and disseminating, as provided by its by-laws, all useful information and facts as to their pedigrees and desirable qualities and the distinguishing characteristics of the best specimens, and preparing, publishing and supplying all necessary volumes of the Holstein-Friesian Herd Book; and generally for promoting and securing the best interests of the importers, breeders and owners of said cattle, and thereby the public generally."

The relator, an importer of Holstein-Friesian cattle, resided in Brooklyn and had declared his intention to become a citizen of the United States. Upon an affidavit alleging that the respondent corporation kept a herd book in which Holstein-Friesian cattle were registered, and that it had refused to admit the

relator to membership, or to register his cattle, he applied for a writ of *mandamus* to compel the respondent to admit the relator to membership and to inspect and register his cattle.

*Held*, that his application was properly denied; that no public obligation was imposed upon the corporation by the act; that the right to share in the advantages of the corporation was limited to the persons therein named, and those who might become associated with them according to the by-laws of the company, the choice of associates being left to the incorporators.

APPEALS from orders made at Special Term, denying applications for writs of *mandamus*

*B. F. Tracy*, for the appellant.

*Frank Hiscock*, for the respondent.

CULLEN, J. :

These are appeals from orders of the Special Term denying two several applications for writs of *mandamus*. The relator is a resident of Brooklyn, and has declared his intention to become a citizen of the United States. He is an importer of Holstein-Friesian cattle. The respondent is a corporation, incorporated by chapter 333, Laws of 1885 of this State. The first application is to admit the relator to membership in the corporation ; the second, to compel the corporation to inspect and register the relator's cattle.

By the act referred to, certain named persons and " all other persons hereafter duly associated, as provided by the by-laws, with or succeeding them " are constituted a corporation, " for the purpose of improving the breed of Holstein-Friesian cattle ; ascertaining, preserving and disseminating, as provided by its by-laws, all useful information and facts as to their pedigrees, desirable qualities, and the distinguishing characteristics of the best specimens, and preparing, publishing, and supplying all necessary volumes of the Holstein-Friesian Herd Book, and generally for promoting and securing the best interests of the importers, breeders and owners of said cattle, and thereby the public generally."

The affidavits of the relator show that respondent keeps a herd book in which Holstein-Friesian cattle are registered ; that it has refused to admit the relator to membership or register his cattle ; that by not being registered by respondent, the value of his cattle will be diminished one-half.

The right of the relator to relief depends on the question whether the respondent is a private corporation or a *quasi* public one. The mere fact that the respondent is a corporation organized for certain business purposes, gives no right to the public or any member of it, to share in the advantage or convenience of the business. In *Weismer* v. *Village of Douglas* (64 N. Y., 91), the corporation was organized to improve a water privilege on the Delaware river, and to manufacture lumber, and the defendant was authorized to issue bonds in its aid. It was held that the business of the corporation was wholly private, that it might refuse to manufacture lumber for any person, and that hence the authority of the town to issue bonds in its aid, was invalid. *In the Matter of the Deansville Cemetery Association* (66 N. Y., 569), it was held that an incorporated rural cemetery could not be empowered to condemn land, that the use was wholly a private one, and that the whole effect of the incorporation of these associations was to unite private individuals in securing their private interests. *In the Matter of the New York, Lackawana and Western Railroad Company* (99 N. Y., 12), the Court of Appeals say of a steamboat company organized under the general law that, under it, it might remain a private corporation, and that if it assumed any obligations to the public, it was because of its own act it became a common carrier, not by any duty imposed on it by its incorporation. Therefore, unless the respondent is a *quasi* public corporation, like a railroad or telegraph company, these appeals must fail.

I find nothing in the language of the act incorporating the respondent, nor in the powers granted it, tending to show an intention to impose upon it public obligations. The right to share in the advantages of the corporation is limited to the named persons, and those who might become associated with them according to the by-laws of the company. Thus the choice of associates is left to the incorporators.

At the end of the enumeration of the objects of the association is found the expression " thereby to promote the interests of the public generally." This does not tend to show an intention to admit the public at large to the corporation. The intention was to benefit the public by the success of the private corporation. It could not have been intended that membership of the association should have been open to the public as a matter of right. There is

no qualification of membership prescribed by the statute, no machinery for admission to membership provided. Mere numbers might render the corporation so unwieldy as to prevent its successful operation.

The respondent obtained from the act of the legislature not a single power or franchise, save the franchise to be a corporation. Everything the corporation is empowered to do, the corporators, as individuals, might have done without the act of the legislature. If there be value in registry in the respondents' herd book, it comes not from the law, but from the intrinsic merits of the book. Keeping a registry of cattle is purely a private undertaking. The statute provides for no general registration of cattle, nor does it give advantages to registered cattle. The respondent has no monopoly of registration. We cannot see that it stands in any different position from a bank or insurance company. It may do business with whom it will.

The orders appealed from should be affirmed, with costs.

Present — BARNARD, P. J., DYKMAN and CULLEN, JJ.

Orders affirmed, with costs and disbursements.